(91 South. 442)

No. 24724.

### BROWNLEE v. TEXAS CO.

(March 27, 1922. Rehearing Denied April 17, 1922.)

*(Syllabus by Editorial Staff.)*

Master and servant ⬅405(4)—Evidence held to show compensable injury to arm.

In a suit for compensation under the Employers' Liability Act for the loss of an arm amputated when the attending physician discovered an infected bone, evidence *held* to show that plaintiff, a laborer around an oil-drilling apparatus, was struck on the arm and injured by the engine.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Jr., Judge.

Suit under the Employers' Liability Act by J. S. Brownlee against the Texas Company. From a judgment denying compensation, plaintiff appeals. Judgment avoided and reversed, and case remanded.

Long & Long, of Shreveport, for appellant.

Hampden Story, Charles Blish, J. S. Atkinson, and Alex Smith, all of Shreveport, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. This case involves purely a question of fact. Plaintiff was employed by defendant and worked as a laborer around the machinery and rigging of an oil-drilling apparatus. His arm became sore to such an extent that he had to quit work. He went to a sanitarium, where, shortly after his arrival, it was discovered that a pocket of pus

had formed on his arm, the result of an infected bone, and it finally became necessary in the opinion of attending physicians to amputate the arm. The fact at issue is whether this injury was caused by a blow or blows received by plaintiff while in the course of his employment by defendant.

Plaintiff testifies that on or about the 1st of August, 1920, while holding the heavy end of a piece of timber to be used as a head post brace on the derrick, his arm came into contact with and was hit by the engine; that he paid little attention at first to the injury, although it hurt him for quite a while. Then his arm got worse. He poulticed it and kept on working until about the 11th. He then went, at the suggestion of defendant's field manager, to see the doctor, who gave him a salve to spread on the bruise. As the injury seemed to be getting worse, he finally went to a sanitarium, with the result stated.

Plaintiff's declaration to the physician in the sanitarium, at a time not suspicious, and the testimony of reputable physicians as to the probable cause of the injury and as to the time in which such injuries usually become infected, satisfy us that plaintiff's testimony is truthful. Defendant relies upon declarations said to have been made by plaintiff when his arm became sore to the effect that he had been stung by some insect. Plaintiff may have made such statements at a time when he did not suspect the gravity of his injury, but such statements are not sufficient to outweigh proof which to our minds makes it certain that the injury did occur as claimed by him. We are therefore constrained to reverse our learned brother on a question of fact and to hold that plaintiff has established the basis of his demand by a preponderance of evidence and with legal certainty.

We are unable, owing to the lack of proof in the record, to fix the amount of compensation to which plaintiff is entitled, and will therefore remand the case for the purpose of enabling the parties to establish by proof the data necessary to fix such compensation.

For these reasons the judgment appealed from is avoided and reversed, and it is now decreed that plaintiff is entitled to compensation under the Employer's Liability Act (Laws 1914, No. 20), and it is further ordered that this case be remanded to the district court for the purpose of enabling the parties to furnish the evidence necessary to compute the compensation to which plaintiff is entitled under said act.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.